# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs. No. 13-0081 (Roane County 10-F-6)**

**Matthew J. Robey,**
**Defendant Below, Petitioner**

**FILED**

**March 7, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Matthew J. Robey, *pro se*, appeals the December 21, 2012, order of the Circuit Court of Roane County that denied his third motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State, by counsel Patrick Morrisey, Attorney General, and Andrew Mendelson, Assistant Attorney General, has filed its response.

This Court has considered the parties' briefs, appendix, supplemental appendix, and supplemental brief designated for our review, and the pertinent authorities. We find no new or significant questions of law, and upon application of the standard for our review of the issue raised, we find no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

After a jury trial, the petitioner was convicted of kidnapping. By order dated March 25, 2011, the circuit court sentenced the petitioner to twenty years in the penitentiary. The petitioner appealed his conviction to this Court. He also filed motions for reduction of sentence on April 12, 2011, and June 21, 2011, both of which were denied by the circuit court.[1]

This Court affirmed the petitioner's conviction in a memorandum decision dated February 13, 2012, and the mandate was issued upon our affirmance of the petitioner's conviction on March 15, 2012. On July 13, 2012, the petitioner filed another motion for reduction of sentence in the circuit court. In this motion, the petitioner explained that one of the reasons that the circuit court denied his initial motion for a sentence reduction was the fact that the petitioner had not yet served time in prison. The petitioner asserted that

---

[1] The April 12, 2011, and June 21, 2011, motions for reduction of sentence are referred to by the circuit court in its August 2, 2013, amended order denying the petitioner's July 13, 2012, motion for sentence reduction. However, these motions and the orders that denied them are not included in the appendices filed with this Court.

1

he has now served prison time and has used this time to improve himself. He also indicated that he desired a reduced sentence so that he could be a parent to his two young sons. By order dated December 21, 2012, the circuit court denied the petitioner's motion as untimely. The circuit court explained that the petitioner's motion was filed 525 days from the date of sentencing and was, therefore, outside of the 120-day window during which a motion for reduction of sentence pursuant to Rule of Criminal Procedure 35(b) may be filed.[2]

The petitioner subsequently filed in the circuit court a motion for relief from the circuit court's December 21, 2012, order. In this motion, the petitioner asserted that Rule 35(b) has two trigger dates for the 120-day time limit for filing: the date the sentence is imposed and the date of the entry of a mandate of this Court upon affirmance of a judgment of conviction. The petitioner indicated that his July 13, 2012, motion for reduction of sentence was based on the second trigger date. The petitioner concluded that because this Court's mandate upon affirming the petitioner's conviction was entered on March 15, 2012, and his Rule 35(b) motion was filed exactly 120 days later, his motion was timely. Shortly after filing in the circuit court his motion for relief from the circuit court's December 21, 2012, order, the petitioner appealed the order to this Court.

In an August 2, 2013, amended order, the circuit court again denied the petitioner's motion for a reduced sentence, this time on its merits. Specifically, the circuit court stated as follows:

> In the Defendant's July 13, 2012, Motion for Reduction of Sentence and reiterated in the Defendant's January 11, 2013, motion for relief, the Defendant seeks a reduction in sentence on the following grounds: (1) he has spent time in jail; (2) the WV [Department of Corrections]

---

[2] Rule 35(b) of the West Virginia Rules of Criminal Procedure provides:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Presentence Evaluation recommended house arrest; (3) his substantial completion of the WV DOC Individual Re-Entry Program Plan; and (4) his recent job change to the inmate commissary, which includes a recommendation from his unit manager. Without taking into consideration the 120-day time period set forth in Rule 35(b), the Court, after maturely consider [sic] the same and finding it proper so to do, does **DENY** the Defendant's third Motion for Reduction of Sentence from July 13, 2012. It is therefore **ORDERED** and **ADJUDGED** that the Defendant's third Motion for Reduction of Sentence from July 13, 2012, be **DENIED** for the reasons stated by the Court at the time of sentencing,[3] and as set forth in the April 13, 2011, and July 6, 2011, Orders Denying the Defendant's previous Motions for Reduction of Sentence,[4] and for the following reasons:

    1. As stated in the July 6, 2011, [sic] the Defendant is in need of correction treatment that can be provided most effectively by his commitment to a correctional institution.

    2. As stated in the July 6, 2011, [sic] release, reduction, probation or conditional discharge would unduly depreciate the seriousness of the Defendant's crime.

(footnotes added). After the circuit court entered its August 2, 2013, amended order, the petitioner filed a motion with this Court for leave to file a supplemental appendix which includes the circuit court's August 2, 2013, amended order, and also to file a supplemental brief. This Court granted the petitioner's motion.

Having set forth the pertinent facts, we now turn to the parties' arguments. In his original brief to this Court, the petitioner's sole assignment of error is that the circuit court erred in ruling in its December 12, 2012, order that the petitioner's July 13, 2012, motion for reduction of sentence was untimely. The petitioner asserts that his motion was filed within 120 days after the entry of the mandate by this Court upon its affirmance of the petitioner's conviction as required by Rule 35(b). The petitioner concludes that the circuit court's error of law in construing Rule 35(b) constitutes an abuse of discretion and should be reversed by this Court. In its summary response, the State avers that even if the petitioner's July 13, 2012, motion for reduction of sentence was timely, the grounds that the petitioner asserted for a reduction of his sentence do not require the circuit court to

---

[3] The transcript of the petitioner's sentencing hearing is not included in the appendices filed with this Court.

[4] *See supra* note 1.

grant the Rule 35(b) motion. Therefore, the State concludes that the circuit court did not abuse its discretion in denying the petitioner's motion.

In the petitioner's supplemental brief, he asserts that the circuit court's amended order, which considered the merits of the petitioner's motion for sentence reduction, does not moot this appeal. The petitioner explains that because the circuit court's amended order was entered after this Court acquired jurisdiction of the case, the amended order is a nullity. For support, the petitioner cites syllabus point 3 of *Fenton v. Miller*, 182 W. Va. 731, 391 S.E.2d 744 (1990), in which this Court held that "[o]nce this Court takes jurisdiction of a matter pending before a circuit court, the circuit court is without jurisdiction to enter further orders in the matter except by specific leave of this Court."

Our discussion of the issues in this case begins with the applicable standard of review. In syllabus point 1 of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996), this Court held:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

As indicated above, the petitioner asserts an error of law in the circuit court's December 21, 2012, order denying his motion for reduction of sentence. In addition, even though the circuit court subsequently addressed the merits of the petitioner's motion for reduction of sentence in an amended order, the petitioner contends that under our law, the circuit court's order has no force or effect.

This Court agrees with the petitioner that the circuit court's December 21, 2012, order improperly denied the petitioner's motion on the basis that the motion was untimely. We also agree with the petitioner that the August 2, 2013, amended order does not render this appeal moot. However, the amended order informs this Court how the circuit court would rule on the merits of the petitioner's motion for a sentence reduction, and the reasons for the ruling, if this Court were to remand this case. Therefore, we find it unnecessary to remand this case to the circuit court. This Court will not require an unnecessary thing. In addition, upon our review of the circuit court's August 2, 2013, order, we find that the circuit court's denial of the petitioner's motion for sentence reduction and the reasons for the denial do not constitute an abuse of discretion. Significantly, the petitioner's sentence is within the statutory limit, and the petitioner did not contend that the circuit court used any impermissible factor in sentencing. Therefore,

if the circuit court's August 2, 2013, order were before us on appeal, we would affirm it. Consequently, because the circuit court's December 21, 2012, order reached the proper result, albeit for the wrong reason, that order is affirmed.

Further, this Court notes that the petitioner filed three motions for sentence reduction all of which were ruled upon by the circuit court.[5] One of the policies underlying Rule of Criminal Procedure 35(b) is to protect the sentencing court from repetitious motions for sentence reduction by setting a time beyond which the motions may be received. *See* Franklin D. Cleckley, *2 Handbook on West Virginia Criminal Procedure* 436 2d. ed. 2013 Supp. This policy would be defeated if a defendant were permitted to file multiple repetitious motions for sentence reduction within the time limits set by the rule. We see no reason why in most cases a defendant would find it necessary to file more than one Rule 35(b) motion for sentence reduction.

Moreover, we emphasize that Rule 35(b) contemplates that a defendant should file a motion for sentence reduction within only one of the two limitation periods provided in the rule. In other words, a motion for sentence reduction should be filed within 120 days after the sentence is imposed if there is no appeal to this Court, *or* 120 days after the entry of a mandate by this Court upon affirmance of the defendant's conviction. This construction of the rule makes sense in light of the fact that once a defendant appeals his or her conviction to this Court, there is no reason to file a motion for sentence reduction in the circuit court because the circuit court is without jurisdiction to rule on the motion. In this case, the petitioner filed two motions for sentence reduction within 120 days of sentencing, despite the fact that he also appealed his conviction, and then filed another motion for sentence reduction after this Court entered its mandate upon affirmance of the petitioner's conviction. Under these facts, this Court is confident that the petitioner has received more than he is entitled to under Rule 35(b). For this reason also, we decline to disturb the circuit court's December 21, 2012, order.

For the reasons set forth above, the December 21, 2012, order of the Circuit Court of Roane County that denied the petitioner's July 13, 2012, motion for a reduction of sentence is affirmed.

Affirmed.

---

[5] We note that the petitioner filed his first motion for reduction of sentence on April 12, 2011, and then, shortly thereafter, filed his notice of appeal of his conviction with this Court on May 23, 2011 (which was untimely). Inexplicably, the petitioner thereafter filed another motion for reduction of sentence on June 21, 2011, despite the fact that the appeal of his conviction was pending.

**ISSUED:** March 7, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II